JAY R. WICKER v. MODERN LIFE INSURANCE COMPANY
AND OTHERS.[1]

No. 30,257.

May 10, 1935.

*Hallam & Hendricks,* for appellant.

*Converse & Spence, Charles W. Sterling,* and *R. H. DeLambert,* for respondent.

STONE, JUSTICE.

In this action for an accounting, the decision below was in favor of plaintiff and against defendant Modern Life Insurance Com-

[1]Reported in 261 N. W. 441.

pany, which appeals from the order denying its motion for a new trial. The other defendants, Green and Moehnke, not being parties to this appeal, the insurance company will be referred to as though it were the only defendant.

It is a life insurance company under the law of Minnesota, with its home office in St. Paul. From its organization in 1921, plaintiff was its general agent at Rochester, in Olmsted county, which with other adjoining counties constituted his territory. Since August 1, 1924, he has operated under a series of written contracts. The last, made April 2, 1928, is the one upon which he now sues. Preceding that was one of November 1, 1926, under which and its predecessors he did not have exclusive rights in any of his territory. During the term of the 1926 contract defendant launched a sales campaign with emphasis upon its then new "Stockholder's Special Investment Policy." It sent into plaintiff's territory numerous special agents operating directly from the home office, who wrote much business, on which plaintiff was not entitled to renewal commissions under his then existing contract. It was so decided below and is not otherwise argued here.

■ The arrangement was unsatisfactory to plaintiff. He demanded a new deal with exclusive rights in his territory and renewal commissions on all business written therein by anyone. In consequence, such negotiations were had that the new contract was negotiated. It gave him exclusive rights and contained this provision, which on both sides is said to be determinative:

"(d) Commissions on all renewal premiums collected on business written by or through the Agent when received in cash by the Company, as follows: Seven and one-half percent (7½%) per annum for nine years on all forms of insurance now written by the Company, except Investor's Special Whole Life and Term policies, on which no renewals shall be paid. The above renewal commission will be effective as of July 1, 1927, making the renewal commissions seven and one-half percent (7½%) from said date instead of five percent (5%) as called for in previous contract."

The contract concluded with this clause:

"This contract cancels and supersedes any and all outstanding contracts or amendments thereto between the parties hereto, except as to renewal commissions earned under previous contracts, which shall be governed by the terms and conditions of said previous contracts."

The decision, below, as far as now challenged, was that plaintiff was entitled, beginning with July 1, 1927, to credit, under clause (d), for renewal commissions on the business written by the special agents already mentioned. There were certain qualifications not involved now. Defendant's contention is that because the business procured by the special agents was not "written by or through" plaintiff the decision is wrong. We hold that contention sound.

Nothing is more fundamental in the law of contracts than the rule that one in writing must be construed in its entirety and all its language given effect where possible. Applying that rule to the agreement of April, 1928, we think its intention so plainly appears that no ambiguity remains when the writing is applied to its subject matter.

On its face, clause (d), above quoted, is retroactive, in its allowance to plaintiff of renewal commissions, beginning July 1, 1927. But, unfortunately for him, the retroactivity is limited to "business written by or through" plaintiff himself. The further exception of "renewal commissions earned under previous contracts," which were specifically excepted from operation of the new contract, is not determinative but throws light upon the intention concerning the commissions in issue. On the business written by the special agents, plaintiff was not entitled to renewal commissions under the "previous contracts." He cannot get them under the new one because the business was not "written by or through" himself.

■ There is argument for plaintiff that the agreement has been practically construed by the parties in favor of his contention. Shortly stated, the supporting facts are that, as matter of accounting, defendant has already credited him with many renewal commissions agreeably to his contention. But even counsel for plaintiff submits that "the only dispute  *  *  *  concerns the proper

construction of the plain language used in this contract." And all the authorities they cite are so conditioned that before the doctrine is applicable the contract must be ambiguous. See, for example, Murray v. Nickerson, 90 Minn. 197, 95 N. W. 898; 2 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 1820.

Practical construction will not control unless it is one which reasonable minds might adopt. Mueller v. C. & N. W. Ry. Co. 194 Minn. 83, 86, 259 N. W. 798; Restatement, Contracts, § 235 (e). With the utmost deference to the contrary view, we think that the intention expressed by the contract itself is too plain to permit of control by practical construction. The limitation of plaintiff's right to renewal commissions to "business written by or through" himself is so plain as to be self-interpreting. We cannot so amend or supplement it by construction as to give plaintiff an additional allowance of renewal commissions on business written by or through other agents.

The order must be reversed with the direction that, insofar as plaintiff may be entitled to an accounting, it shall not allow him credit for renewal premiums on the business written by special agents which is the subject matter of the main contest.

So ordered.

UPON APPLICATION FOR REARGUMENT.

On June 21, 1935, the following opinion was filed:

STONE, JUSTICE.

Plaintiff's petition for rehearing is really one for a "clarification" of our decision, concerning the meaning and scope of which it is said that counsel are not in accord.

All that was said in the opinion was in support of the conclusion that plaintiff was not entitled to "credit for renewal premiums on the business written by special agents which is the subject matter of the main contest." That was the only issue for decision, the only one decided, and what we have said is not to be considered as an expression of opinion on any other that may arise.

For example, we had no occasion to and did not consider what effect, if any, the determinative contract had upon business written

by special agents in plaintiff's territory subsequent to the date of the contract. That issue, if it arises, will bring into the field of consideration for the first time the effect of the exclusive nature of plaintiff's rights in the territory assigned to him by the contract.

That and similar new issues will be for initial decision below, untouched by anything said by us on this appeal.

With this comment, the petition for rehearing is denied.